IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANNON ROBERT PARSONS, #0017-20, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-1989-G-BN |
| ELLIS COUNTY COURT, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Brannon Robert Parsons, an inmate at the Ellis County jail, initiated this action by filing a Motion for the Appointment of Counsel, which itself did not assert a substantive claim for relief. *See* Dkt. No. 3. His construed civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

As ordered, *see* Dkt. No. 5, Parsons filed an amended complaint – naming as defendants Ellis County Court, Grand Jury, Wayne McCullum Detention Center, Magistrate (Arraignment Court), and Ellis County Sheriff Dept. – through which he asserts claims concerning at least one criminal conviction, *see* Dkt. No. 7; *see, e.g., id.* at 4 (alleging that "Ellis County has grossly violated 'Due Process' Miranda Rights, lawyer client confidentiality, assaulted and badgered me in [essence] 'railroaded' me" and that "[h]ave ruling from appeals court to back my claims, which is as far as I have been able to grieve this process on this point" and requesting "[r]eversal of judgment

& damages for negligence").

He has now filed verified responses to the Court's screening questionnaire concerning the status of the criminal proceedings against him. *See* Dkt. Nos. 9 & 10.

Consistent with those responses, Parsons was convicted of possession of methamphetamine, harassment by a person in a correctional facility, and unauthorized use of a motor vehicle. *See State v. Parsons*, Nos. 42907CR, 42908CR, 42909CR (443rd Dist. Ct., Ellis Cnty., Tex.). He appealed and achieved some success:

> Parsons complains that the sentence assessed in Cause No. 10-19-00061-CR relating to the unauthorized use of a motor vehicle is illegal because it was improperly enhanced, and that the sentences as to all three convictions violate the United States and Texas Constitutions. Because we find that the sentence assessed was improper in Cause No. 10-19-00061-CR, we reverse that judgment and remand this proceeding for a new trial on punishment only in trial court Cause No. 42909CR. Because we find no other reversible error, we affirm the judgments in Cause Nos. 10-19-00059-CR and 10-19-00060-CR.

*Parsons v. State*, Nos. 10-19-00059-CR, 10-19-00060-CR, 10-19-00061-CR, 2019 WL 3955844, at *1 (Tex. App. – Waco Aug. 21, 2019, no pet.).

And Parsons provides that he has requested that an attorney seek state habeas relief on his behalf, *see* Dkt. No. 10 at 2, and further clarifies that his current claims are for due process violations: "Not allowed to have attorney present at arraignment on 8-14-2017, even though requested/No record of hearing/No receipt of hearing given"; "Not allowed to have examining trial/violation of speedy trial procedure no court date until 6 months after arrest"; "evidence entered against me in which I was not Mirandized prior to hearing"; "Court erred in holding that evidence was sufficient," *id.* at 4.

Under the Prison Litigation Reform Act, where a prisoner – whether he is

incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice.

To begin, to the extent that any aspect of this suit implicates an ongoing state criminal proceeding, as Parsons still appears to be in custody in Ellis County to facilitate a new trial on punishment as to his conviction for unauthorized use of a motor vehicle, this posture implicates *Younger v. Harris*, 401 U.S. 37 (1971).

42 U.S.C. § 1983 "is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). But this provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger*, 401 U.S. at 43-47).

Under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal

prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)); internal quotation marks omitted).

The doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23. All three conditions are met here if state court proceedings are ongoing.

But *Younger* abstention "applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (per curiam) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988); citing *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); citation omitted). And the United States Court of Appeals for the Fifth Circuit has "interpreted this limitation to mean that a stay is not required where the district court determines that the claim for damages

is frivolous under 28 U.S.C. § 1915." *Id.* at 520 (collecting cases).

For the reasons explained below, the Court need not stay its consideration of Parsons's civil claims as asserted against the named defendants.

As to the state criminal proceedings that have concluded, *Younger* abstention would not apply, but the *Heck* bar still could. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

So, to the extent that Parsons brings civil claims related to the two convictions that were affirmed on direct appeal – his convictions for possession of methamphetamine and harassment by a person in a correctional facility – because neither "conviction has yet to be formally terminated in his favor, his causes of action concerning serious official misconduct have not yet accrued and will not begin to accrue until" the convictions are vacated, reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus or otherwise. *Cook v. City*

*of Tyler, Tex.*, ___ F.3d ____, No. 19-40144, 2020 WL 5268509, at *1 (5th Cir. Sept. 4, 2020) (per curiam) (citing *Heck*, 512 U.S. at 489-90; footnote omitted).

A *Heck* "dismissal 'do[es] not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Id.* (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

But the currently *Heck*-barred claims that Parsons brings in this action should be dismissed with prejudice for reasons other than that the *Heck* conditions have yet to be met.

First, to the extent that Parsons brings claims against the jail and the Ellis County Sheriff's Department, those claims should be dismissed because a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Neither a sheriff's office in Texas nor a detention center or jail constitutes a jural entity. For example, relying on *Darby*, another judge of this Court has held that "the Dallas County Sheriff's Office" and the Dallas County jail "are non-jural entities under § 1983." *Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016) (collecting cases). The Court should therefore dismiss the claims against these defendants with

prejudice.

As to the judicial entities Parsons names as defendants – Ellis County Court and Magistrate (Arraignment Court) – judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of Parsons's allegations show that any judicial officer acted outside a judicial capacity. Accordingly, the Court should also dismiss the claims against these defendants with prejudice.

Relatedly, concerning Defendant Grand Jury, as with civil claims filed against prosecutors acting within the scope of their prosecutorial duties, civil claims against members of a grand jury that are connected to their role in the prosecutorial process should be dismissed as barred by absolute immunity. *See, e.g.*, *Walker v. Skeen*, 31 F. App'x 155, 2001 WL 1748354, at *1 (5th Cir. Dec. 12, 2001) (per curiam) ("Walker's claims against the prosecutor and the grand jury foreman were properly dismissed based on absolute immunity because he is challenging acts performed in connection with his indictment and prosecution." (citing *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976))); *cf. Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

And the Court should dismiss the claims against this defendant with prejudice.

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE